IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; <br><br> Plaintiffs, <br><br> v. <br><br> D.C.S. Trucking Co., an Illinois Corporation, <br><br> Defendant. | CIVIL ACTION <br><br> NO. |

## COMPLAINT

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; and Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"), bring this action to collect fringe benefit contributions from Defendant, D.C.S. Trucking Co. ("DCS").

1. The International Union of Operating Engineers, Local 150, AFL-CIO (the "Union") is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant DCS an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Lincolnshire, Illinois.

3. DCS identified Richard Beinlich as President and Donald Stein as its Secretary with the Illinois Secretary of State (Exhibit A).

4. On August 17, 2018, DCS through its Secretary Donald Stein signed a collective bargaining agreement ("CBA") with the Union that adopted the terms of a Shop Agreement between the parties (excerpts attached as Exhibit B).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require DCS to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1132(e)(2).

6. The CBA and Trust Agreements specifically require DCS to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

7. DCS has become delinquent in the submission of its contributions due the Funds. As a result of this delinquency, it owes the Funds contributions, liquidated damages, and interest.

8. By letter dated November 16, 2018, counsel for the Funds informed DCS of its obligation to the Funds (attached as Exhibit C), however DCS has failed and refused to comply.

**Jurisdiction and Venue**

9. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

10. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

11. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

12. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

13. DCS has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

14. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by DCS, there is a total of $44,734.37 known to be due the Funds from DCS, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against DCS for all unpaid contributions as identified in DCS contribution reports;

B. Enjoin DCS to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin DCS at the Funds' option to submit to an audit of its payroll books and records in order to determine whether DCS owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require DCS to pay any contributions reasonably estimated to be due by the Funds for the period when DCS failed and refused to timely submit contribution reports;

D. Enter judgment against DCS and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at DCS's cost.

Dated: December 7, 2018 Respectfully submitted,

By: s/ Elizabeth A. LaRose
One of the Attorneys for the Plaintiffs

Attorney for the Plaintiffs

Elizabeth A. LaRose (*elarose@local150.org*)
Dale D. Pierson (*dpierson@local150.org*)
Brad H. Russell (*brussell@local150.org*)
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6669
Fx: (708) 588-1647